**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| ROBERT LEE EDWARDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  2:11-cv-175-JMS-WGH |
| | ) |
| DR. SHEPHARD, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**Entry Dismissing Complaint and Directing Entry of Final Judgment**

Plaintiff Robert Lee Edwards alleges that Dr. Shephard violated his civil rights while he was incarcerated at the Federal Correctional Institution in Terre Haute, Indiana. Edwards alleges that he was attacked by another inmate while working in the kitchen and taken to the medical department for treatment. He explains "[w]hen I got to the medical department, there was no one around who could see me to the hospital in town and because of that I was unable to receive professional care. Dr. Shepherd did not order that I be sent." See dkt 1 at page 4. Edwards' claim is brought pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

Because Edwards was granted leave to proceed *in forma pauperis*, his complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). This statute requires that Edwards' complaint, or any claim within such complaint, be dismissed if the complaint or the claim fails to state a claim on which relief may be granted. *Id.* A complaint is sufficient only to the extent that it A>contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1969 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). To avoid dismissal, the Aallegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level.@ *E.E.O.C. v. Concentra Health Services, Inc.,* 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).

*Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. ' 1983 authorizes such suits against state officers . . . ." *King v. Federal Bureau of Prisons,* 415 F.3d 634, 636 (7th Cir. 2005). Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred. *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). "[T]he first step in any ['1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994). Because *Bivens* creates a remedy, not a substantive right, *Abella v. Rubino,* 63 F.3d 1063, 1065 (11th Cir. 1995) (noting that "the effect of *Bivens* was to create a remedy against federal officers acting under color of federal law that was analogous to the Section 1983 action against state officials"), this same inquiry governs a claim asserted pursuant to *Bivens.*

The constitutional provision implicated by Edwards' claim is the Eighth Amendment's proscription against the imposition of cruel and unusual punishments. *Helling v. McKinney*, 113 S. Ct. 2475, 2480 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). In order for an inmate to state an Eighth Amendment claim for medical mistreatment or the denial of medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Deliberate indifference exists only when an official "knows of and disregards an excessive risk to an inmate's health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994)(construing *Estelle*).

In this case the complaint lacks the factual content from which this court could draw the reasonable inference that Dr. Shepard was deliberately indifferent to Edwards' serious medical needs. The court can only speculate as to whether Edwards' suffered a serious medical condition as a result of the attack by another inmate. *Henderson v. Sheahan,* 196 F.3d 839, 846 (7th Cir. 1999) (explaining that a serious medical need is one that has been diagnosed by a physician as needing treatment or one for which even a layperson would recognize the need for a doctor's care). Further, there is not even the hint of deliberate indifference in relation to the allegation that "Dr. Shephard did not order that I be sent [to the hospital]." The facts alleged against Dr. Shephard are simply insufficient to raise Edwards' right to relief above the speculative level or to state a claim to relief that is plausible on its face. It is well-settled that while incarcerated, an inmate is not entitled to the best possible care or to receive particular treatment of his choice. *See Forbes v. Edgar,* 112 F.3d 262, 267 (7th Cir. 1997). Negligence, even gross negligence, is insufficient to establish deliberate indifference under the Eighth Amendment. *See Farmer,* 511 U.S. at 835; *Mathis v. Fairman,* 120 F.3d 88, 92 (7th Cir. 1997); *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996). There is no indication that Edwards' injuries required a trip to the hospital or that Dr. Shephard's failure to order that Edwards be sent to the hospital (particularly in light of the allegation that there was no one available to take him) was anything more than negligence.

## III.

For the reasons explained above, therefore, the complaint fails to survive the screening required by ' 1915(e)(2)(B) because it fails to state a claim upon which relief can be granted. Dismissal of the action is therefore mandatory, *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002), and judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 08/29/2011

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana